[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Prudential Funding Corporation, brought the present action alleging it is the assignee of a note and mortgage from the Prudential Insurance Company of America ("PICA") and that the defendant is in default on the note. The plaintiff therefore seeks a foreclosure of the mortgage and other relief to which the defendant has filed eight special defenses and a counterclaim. While the plaintiff's initial motion is entitled "Motion for Summary Judgment on the Plaintiff's Complaint," the plaintiff's July 25, 1992 Memorandum clarifies the request so that the "plaintiff is requesting summary judgment only with respect to the special defenses and counterclaim asserted by the defendant." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,784, N.10 (1991).
The parties have submitted documentation with respect to the various defenses asserted by the defendant. However, under Practice Book 379 summary judgments apply to actions, counterclaims and cross-complaints and there are no provisions for the entry of a summary judgment with respect to a special defense. Rogers v. Daley Development Co., 3 Conn. L. L. Rptr. 76 (December 19, 1990) (Pickett, J.)); Hillery Co. v. Crystal Mall Associates,2 CSCR 324 (February 11, 1987 (Koletsky, J.)); Crothers v. Cappozziello, 3 Conn. L. Rptr. 341 (March 14, 1991, Hennessey, J.). Accordingly, the court will decline to rule on the issues regarding the special defenses.
In its counterclaim the defendant alleges that the parties entered into a business relationship whereby defendant owned a certain parcel of real estate; that improvements were to be made upon the property; and that the parties agreed to share in a portion in the net proceeds generated by the property. The defendant further alleges that a joint venture existed between the defendant, the plaintiff and PICA so that each party owed a fiduciary duty to the other which has been breached by the plaintiff.
In support of the Motion for Summary Judgment, the plaintiff has submitted the note and mortgage as well as an affidavit by the manager of real estate finance of the plaintiff stating that there CT Page 5998 was no joint venture relationship between the plaintiff and the defendant and that there had been no modifications of the note, mortgage or any of the loan documents giving rise to a joint venture relationship. Defendant has not submitted any affidavit nor statement of the facts to support the existence of a joint venture relationship. The court notes however, that Paragraph 3a of the note provides as follows:
 The Maker shall pay to the holder as additional interest on or before January 1, 1981, and on or before the first day of January in each year thereafter twenty per cent (20%) of the amount by which the modified gross income (as hereinafter defined) for the fiscal year ending on the preceding September 30, exceeds the sum of Three Million One Hundred Seventy-Four Thousand Three Hundred ($3,174,300.00) Dollars."
"A joint venture is a special combination of two or more persons who combine their property, money, effects, skill and knowledge to seek a profit jointly in a single business enterprise without any actual partnership or corporate designation. (citations omitted). The relationship between contracting parties or parties cannot amount to a joint venture unless the parties so intend." Electronic Associates Inc. v. Automatic Equipment Development Corp., 185 Conn. 31, 35 (1981).
In the present case, the plaintiff has failed to satisfy its burden of demonstrating that it is quite clear what the truth is and excludes any real doubt as to the existence of any genuine issue of material fact. "It is . . . well settled that summary judgment procedure is particularly inappropriate where the inferences which the party seeks to have drawn deal with questions of motive, intent and subjective feelings and reactions. Batick v. Seymour, 186 Conn. 646-647 (1982). Accordingly, the Motion for Summary Judgment is denied.
RUSH, J.